CHEEK, RESPONDENT, *v.* INDUSTRIAL POWDER
COATINGS, INC. ET AL., PETITIONERS.

[Cite as *Cheek v. Indus. Powder Coatings,*
*Inc.* (1999), 84 Ohio St.3d 534.]

(No. 97–1962—Submitted February 10, 1999—Decided March 10, 1999.)

*Reese M. Wineman,* for respondent.

*Ziegler, Metzger & Miller L.L.P., Stephen M. Bales* and *John E. Redeker,* for petitioners.

Pursuant to S.Ct.Prac.R. XVIII, the United States District Court certified the question of "Whether an individual employee, not otherwise deemed to be an 'employer' under the statute, may be individually liable for alleged violations of the employment discrimination provisions of the Ohio Civil Rights Act, Ohio Rev.Code §§ 4112.01(A)(2), 4112.02(A) & 4112.99?"

Our response is in the affirmative. See *Genaro v. Cent. Transport, Inc.* (1999), 84 Ohio St.3d 293, 703 N.E.2d 782.

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER and COOK, JJ., concur.

LUNDBERG STRATTON, J., dissents.

LUNDBERG STRATTON, J., dissenting. I disagree with the majority for the reasons set out in the dissenting opinions in *Genaro v. Cent. Transport, Inc.* (1999), 84 Ohio St.3d 293, 703 N.E.2d 782. I would hold that the General Assembly intended R.C. Chapter 4112 to impose liability only on employers, not on an employer's managers or supervisors. Therefore, I respectfully dissent.